IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 8, 2002 Session

## STATE OF TENNESSEE v. LARRY AMMONS

**Direct Appeal from the Circuit Court for Lauderdale County**
**Nos. 5889, 6112    Joseph H. Walker, Judge**

---

**No. W2001-00834-CCA-R3-CD - Filed March 18, 2002**

---

The defendant was convicted in 1993 of three counts of aggravated burglary, and the trial court imposed three concurrent three-year sentences. In 1995, the defendant was convicted of one count of burglary and five counts of aggravated burglary. The trial court imposed a four-year sentence for the burglary count and six-year concurrent sentences for each of the aggravated burglary counts. The defendant's latter sentences were to be served consecutively to his previous three-year sentence, with probation granted as to all sentences. Subsequently, a petition to revoke the defendant's probation was filed, alleging that the defendant had failed to report to his probation officer and failed to pay restitution as ordered. Following a hearing, the court revoked the probation, and the defendant timely appealed. On appeal, the defendant claims that there was insufficient evidence to revoke his probation, that his due process rights were violated, and that he received ineffective assistance of counsel during his probation revocation hearing. After a thorough review of the record, we affirm the judgment of the trial court but remand for entry of a corrected order revoking probation only as to Docket No. 6112.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded for Entry of Corrected Order**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Gregory C. Krog, Jr., Memphis, Tennessee (on appeal); Gary F. Antrican, District Public Defender; and Julie K. Pillow, Assistant District Public Defender (at trial), for the appellant, Larry Ammons.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On September 8, 1993, the defendant, Larry Ammons, was convicted of three counts of aggravated burglary, a Class C felony, under Docket No. 5889. The court imposed three concurrent

sentences of three years each. On April 10, 1995, the defendant was convicted of one count of burglary[1] and five counts of aggravated burglary, a Class C felony, under Docket No. 6112. The court imposed a four-year sentence for the burglary count and six-year concurrent sentences for each of the five counts of aggravated burglary. This effective six-year sentence was to run consecutively to the sentences imposed under Docket No. 5889.

On October 22, 1993, the defendant was granted probation for the balance of his sentences under Docket No. 5889. In September of 1994, the State filed a petition to revoke his probation, but the court denied it. In February 1995, the State filed another petition to revoke the defendant's probation. On April 11, 1995, the court denied this second petition and allowed the defendant to serve his sentences under Docket Nos. 5889 and 6112 with the Synergy Foundation Program instead of the county jail.[2] The court later allowed the defendant to transfer the balance of his sentence from the Synergy Foundation to the Serenity House Program. In December of 1996, the State filed a third petition for revocation, and the court denied the petition. After the defendant completed the Serenity House drug treatment program, the court suspended the defendant's sentences and placed him on supervised probation. On February 27, 1997, the trial court issued an order waiving the defendant's probation fees and imposing a minimum payment of $50 per month toward restitution. In this order, the court noted that the defendant was still under probation for Docket No. 6112 and had consented to a two-year extension of his probation for Docket No. 5889. On October 12, 2000, the defendant's probation officer filed a probation violation report, citing that the defendant had not contacted her in over a year and had not paid the restitution. The State then filed the instant petition to revoke probation. On January 22, 2001, the trial court revoked the defendant's probation after a hearing.

The defendant and his probation officer testified at the revocation hearing. The probation officer testified that the defendant had failed to report to her in over a year and had failed to make court-ordered payments of $50 a month toward restitution. The defendant testified that he was unable to make restitution payments because he had financial problems after starting his own business. The defendant stated that he did not make restitution payments for several months and then made a payment of $700 or $800 for the Docket No. 5889 sentence. He also testified that when the restitution was due under Docket No. 6112, he was unable to pay it and had suffered a back injury. The defendant admitted that he would not be at the hearing if he had reported to his probation officer and made the restitution payments as ordered. On cross-examination, the defendant admitted that he was being sued by a finance company over a loan he had gotten to purchase a truck.

---

[1]Since the applicable judgment sheet was not included in the record, we are unable to determine whether the defendant's conviction for burglary under Docket No. 6112 was a Class D or Class E felony.

[2]At the time the trial court issued the April 11, 1995, order allowing the defendant to serve his sentences with the Synergy Foundation Program, the defendant had pending charges in Dyer County and Gibson County. The court stated that its order would be contingent on Dyer County and Gibson County allowing the defendant to serve those sentences with the Synergy Foundation as well. The defendant subsequently completed his sentence in Gibson County and was granted probation for his sentence in Dyer County.

After hearing the evidence, the trial court noted that the defendant had been allowed to participate in two programs that enabled him to avoid incarceration. The court emphasized that the defendant had no contact with his probation officer for a period exceeding one year and did not regularly pay his restitution. The court also noted that while the defendant was able to pay or come up with a $20,000 bond for his probation violation, he was unable to pay his restitution according to schedule. Based on the evidence, the trial court found that the defendant violated his probation and determined that revocation was proper.

The defendant filed a motion for an evidentiary hearing and a motion for correction and/or modification of sentence, and the trial court denied both these motions. On May 10, 2001, this court granted the defendant a delayed filing of appeal.

## ANALYSIS

### I. Sufficiency of the Evidence at Probation Revocation Hearing

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310 and 40-35-311 (1997). The revocation of probation lies within the sound discretion of the trial court. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). A trial court's revocation of probation will not be reversed on appeal unless the court abused its discretion. Harkins, 811 S.W.2d at 82 (citing State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)). We review this issue, therefore, for an abuse of discretion.

The defendant claims the State offered "conclusory" evidence in establishing the defendant's failure to report and failure to pay his court-ordered restitution. The defendant argues in his brief that he "specifically testified that he contacted [his probation officer] on multiple occasions." Actually, his explanation on direct examination as to meetings with his probation officer is lengthy but unclear:

> [The probation officer] knew where I was working and how
> I was working and things. And I'd contact her, and she had told me
> to report in every three months. We had moved up to that status.

I think there was something that happened with the probation time there, back during that domestic violence thing. I contacted [the probation officer], and she said that someone else had gotten the case or whatever and said that they were going to transfer me back to Jackson. I told her that I really didn't want to transfer to Jackson, that I wanted to stay there, that, you know, if need be I would just move back to Lauderdale County because I didn't want that embarrassment and humiliation to keep following me everywhere I went, the things that I had done, you know, that I'm not proud of.

On cross-examination, however, he responded regarding the infrequency of reporting to Bridget Jump, his probation officer:

Q. Since December of 1999, over a year, you have not met with her, and you know that the Court ordered you to meet with this lady, and you haven't done either one, have you?

A. Yes, ma'am, I did up until the point –

Q. Since December of 1999, over a year, you have not met with her, and you know that the Court ordered you to do it?

A. Yes, ma'am.

He also admitted that, as to Docket No. 6112, he had paid no restitution:

Q. Okay. But on this case that you're being revoked on, 6112, Ms. Jump said you haven't paid anything on this case, the five burglaries.

A. Right.

We conclude that, taking the record as a whole, there was "substantial evidence to support the conclusion of the trial judge." Wall, 909 S.W.2d at 10. The defendant's probation officer testified that he had not reported to her in the year preceding the filing of the petition for revocation of probation; and he admitted that he had not. Thus, the evidence that the defendant had violated his probation was not just "substantial"; the violation was admitted. Therefore, we conclude that the trial court did not abuse its discretion in revoking the defendant's probation.

## II. Defendant's Due Process Rights

The defendant argues that the trial court's revocation of his probation is without evidentiary support and violates his due process rights. In Black v. Romano, 471 U.S. 606, 613, 105 S. Ct. 2254, 2258, 85 L. Ed. 2d 636, 643-44 (1985), the United States Supreme Court reiterated that the due

process rights given in a probation revocation proceeding are not as expansive as those rights afforded to defendants in criminal trials. The Court stated, "[O]ur precedents have sought to preserve the flexible, informal nature of the revocation hearing, which does not require the full panoply of procedural safeguards associated with a criminal trial." Id. (citations omitted). In Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S. Ct. 1756, 1760, 36 L. Ed. 2d 656, 662 (1973), the Supreme Court set out the "minimum requirements of due process" for final revocation hearings:

> "(a) written notice of the claimed violations of [probation or] parole;
>
> (b) disclosure to the [probationer or] parolee of evidence against him;
>
> (c) opportunity to be heard in person and to present witnesses and documentary evidence;
>
> (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds a good cause for not allowing confrontation);
>
> (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and
>
> (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole."

Id. at 786, 92 S. Ct. at 1761-62, 36 L. Ed. 2d at 664 (alterations in original) (quoting Morrissey v. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604, 33 L. Ed. 2d 484, 499 (1972)).

The defendant argues that his due process rights were violated when the trial court did not differentiate between his expired and unexpired probationary terms when revoking his probation. At the time the trial court revoked his probation, the defendant's sentence under Docket No. 5889 had expired. We therefore remand this case to the trial court for entry of a corrected order revoking probation only as to Docket No. 6112.

The defendant argues also that his due process rights were violated when the trial court revoked his probation without considering his ability to pay the restitution. In Bearden v. Georgia, 461 U.S. 660, 672, 103 S. Ct. 2064, 2073, 76 L. Ed. 221, 233 (1983), the United States Supreme Court held that during a revocation hearing for failure to pay a fine or restitution, a trial court must "inquire into the reasons for the failure to pay."

In view of the defendant's ability to post a $20,000 bond and purchase a new truck during the period that he made no restitution payments as to the convictions resulting from Docket No. 6112, it is not difficult to see why the trial court concluded that the defendant decided to spend his funds on himself rather than the victims of his burglaries. However, because the court had sufficient

reason to revoke the defendant's probation as a result of his admitted failure to report to his probation officer, it is unnecessary for us to resolve the claim regarding the adequacy of the proof as to his ability to pay restitution.

### III. Ineffective Assistance of Counsel

In Richard Kiser v. State, Nos. 01C01-9503-CC-00071, 01C01-9503-CC-00082, 1995 Tenn. Crim. App. LEXIS 953, at *11 (Tenn. Crim. App. Dec. 6, 1995), this court explained how an ineffective assistance of counsel claim relates to a revocation hearing:

> [T]he right to counsel at a revocation or probation hearing is not guaranteed by either the Constitution of the United States or the Constitution of the State of Tennessee. Thus, the effectiveness of counsel at a revocation hearing is not a constitutional issue, except in those cases where the performance of counsel is so defective that another right which is constitutionally guaranteed at a revocation hearing is violated.

Id.

As for his claim that his counsel at the revocation hearing provided ineffective assistance, the defendant asserts that "counsel's representation was so inadequate that it did not assist Mr. Ammons in either contesting the fact of violation or presenting the substantial reasons that would have excused any failure on his part." The defendant's options, especially with regard to his failure to report to his probation officer, were very circumscribed. His probation officer testified at the revocation hearing held on January 22, 2001, that the defendant had failed to report to her since December 1999. The defendant admitted that this was true, although, apparently, he attempted to explain some subsequent agreement with the probation officer regarding the reporting requirement. As to the failure to report violation, there is no explanation of what an effective counsel would have done that his own counsel did not. The probation officer testified that he had not reported to her in a year, and he admitted that he had not. Accordingly, we conclude that this claim is without merit.

### **CONCLUSION**

We affirm the judgment of the trial court revoking the defendant's probation but remand for entry of a corrected order revoking probation only as to Docket No. 6112.

ALAN E. GLENN, JUDGE